[S. F. No. 5807. In Bank.—September 13, 1911.]

## MARY C. ROSENHOLZ, Respondent, v. ALFRED ROSEN-HOLZ, Appellant.

Appeal—Right to Stay of Execution—Petition for Alternative Writ of Restitution—Controverted Facts—Continuance for Hearing.—Where an appellant, for the purpose of preserving his statutory right to a stay of execution pending an appeal to this court, petitions this court for a writ of restitution of the possession of the real property involved in the appeal, which is alleged to have been delivered by the court, after an application to fix the stay-bond, but the facts are controverted, as to whether the writ of possession was before or after the application for the stay-bond, the cause will be continued for further hearing and evidence upon notice to the parties interested.

PETITION for Writ of Restitution of real property by Appellant, pending appeal from a judgment of the Superior Court of the City and County of San Francisco.

The facts are stated in the opinion of the court.

R. M. Royce, and Austin Lewis, for Petitioner.

Leo Kaufmann, for Respondent.

THE COURT.—This is a petition for a writ of restitution, restoring to petitioner the possession of certain real property, and preserving his statutory right to a stay of execution pending an appeal from the judgment of the superior court of the city and county of San Francisco. It is made to appear by the petition that an interlocutory judgment and decree awarding to plaintiff the property in question was duly made and given; that he appealed from this judgment and repeatedly sought the court to fix the amount of a bond to stay the execution of the judgment pending the appeal; that the trial court failed to do this, while maintaining the *status quo* by its order staying execution of the judgment. The last application to the court to fix the stay-bond upon appeal, it is alleged, was made upon January 5th. Upon January 6th, in the absence of defendant's attorney, upon application of plaintiff's at-

torney, the order staying execution was vacated, and a writ of possession ordered issued by the judge. Upon acquiring knowledge of this, and before the execution of the writ by the sheriff, defendant's attorney secured another stay of execution for two days, and likewise an order fixing the amount of the stay-bond; that this order was served upon the sheriff; that within the time limited by it a good and sufficient stay-bond was filed; that, notwithstanding this, petitioner was ousted of possession by unauthorized persons not connected with the office of the sheriff of the city and county; that petitioner's attorney then made application to the court for a writ of restitution which the court refused to consider, "handing the same to the clerk and telling him to tell defendant's counsel to take it away." An application for relief was then made to this court. The answer to the petition joins issue upon certain of these averments. Thus, it is denied that petitioner ever made application to the court to fix the amount of the stay-bond until after the court had issued its writ of possession to plaintiff under the judgment and this writ had been duly executed by the sheriff. It is further denied that the sheriff did not execute the writ, and that the writ was executed by unauthorized persons. Manifestly the rights of petitioner, if he had made timely application for a stay-bond pending his appeal, would be very different from the rights that would be his if he had made such application only after execution of a judgment. The condition of the record making it impossible for this court to determine this and other controverted questions of fact herein adverted to, it is ordered that the order of submission in the above entitled matter heretofore made be vacated, that the cause be set down upon the calendar of the next law and motion day, October 2, 1911, for further hearing and evidence upon these matters, and that timely notice be given of this order to the parties interested.